## Espenshade v. McCorkle

*John V. Espenshade*, for plaintiff.
*Nathan Griffith*, for defendant.

GORDON, JR., P. J., August 28, 1936.—We granted the motion for judgment non obstante veredicto in this case because we were of opinion that plaintiff's own version of the happening of the accident disclosed contributory negligence on his part.

At the place where the accident occurred on Old York Road in Montgomery County, Pa., an American store, where plaintiff worked, was located on the west side and

a post office on the east side of the street. Plaintiff left the store at 9:15 on the morning of the accident, intending to go to the post office across the street. A closed truck was standing headed into the curb, in front or slightly south of the store and extending into the street a distance estimated by plaintiff to be about 15 feet. Another closed truck was standing a short distance north of the truck just referred to, similarly headed into the curb, and extending, as plaintiff phrased it, "pretty nearly" to the middle of the street, which at that point was 45 to 50 feet wide. Plaintiff testified that he walked to the curb at a point five or six feet south of the southernmost truck, and started to cross the street, proceeding along the side of the truck to its rear, where he looked northward to ascertain if any vehicle was approaching from that direction. He said that, although the street was straight for a considerable distance at that point, he could not see beyond the northernmost truck, which blocked his view up the street. He testified that he then "hurried" across the street, without looking again, and, when he had crossed about two thirds of the street, he suddenly saw defendant's car almost on top of him; that he attempted to leap out of the path of the approaching car, but was knocked down by it, with the resultant injuries for which this suit was brought.

On this state of facts, as told by plaintiff himself, we think he was clearly guilty of contributory negligence. When he looked past the rear of the truck nearest to him his view up the street was obstructed by the other truck, and it then became his duty, before proceeding out into the highway, to look again when he had reached that point where he would have had an unobstructed view up the street. This he did not do, although had he done so it is apparent that he would have seen the approaching car, and could have remained in the place of safety he was then in until it had passed him. He blindly "hurried" into the path of defendant's vehicle.

The duty of a pedestrian to look for approaching vehicles before proceeding into a highway arises generally at the curb. When, however, physical conditions prevent a proper observation at that point his duty is to look at the point where he has the opportunity adequately to observe the state of approaching traffic, even though that point may not be reached until after he has left the curb. In this case he admits he looked when he did not have a clear view up the street, and entirely failed to look when he did; and it was clearly that failure on his part which either caused or contributed to the accident.

It was for these reasons that we entered judgment non obstante veredicto for defendant.